# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19CR646 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| BRANDON JOHNSON, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**<u>CHRISTOPHER A. BOYKO, J.</u>:**

Before the Court is Defendant Brandon Johnson's Motion for Bond. (Doc. 97). For the following reasons, Defendant's Motion is **DENIED**.

### I. BACKGROUND

On October 24, 2019, a Grand Jury indicted Defendant with one count of Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances, a violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A) and 851; and one count of Distribution of Methamphetamine, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). (Doc. 15). On March 18, 2020, Defendant pleaded guilty to both counts of the Indictment under a Plea Agreement.[1] (Non-Doc. Entry, 3/18/2020). A Sentencing Hearing is set for July 7, 2020.

---

[1] Defendant pleaded guilty before Magistrate Judge Parker, who recommended that the Court accept Defendant's plea of guilty and a find Defendant guilty. (Doc. 66). No party has objected to the Magistrate Judge's Recommendation.

On May 9, 2020, Defendant filed the current Motion asking for bond prior to Sentencing. (Doc. 97).[2] The Government responded on May 19, 2020 asking the Court to deny Defendant's Motion. (Doc. 98).

## II. LAW & ANALYSIS

A district court "shall order a defendant detained pending sentencing if he has been found guilty of an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." *United States v. Christman*, 596 F.3d 870, 870 (6th Cir. 2010) (citing 18 U.S.C. § 3143(a)(2)). An exception to this general rule exists if a judge finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community and (i) the judge finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) the attorney for the government has recommended that no sentence of imprisonment be imposed on the person. 18 U.S.C. § 3143(a)(2)(A)–(B). Accordingly, § 3143(a) "presumes dangerousness and the criminal defendant must overcome this presumption." *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988).

However, "[a] person subject to detention pursuant to section 3142(a)(2) … may be ordered released … if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). A district court may make a finding of exceptional circumstances. *Christman*, 596 F.3d at 871. But before undergoing an exceptional circumstances analysis, clear and convincing evidence must support a finding that

---

[2] Defendant incorrectly brings his Motion under the "changed circumstances" justification of 18 U.S.C. § 3142(f)(2). However, since Defendant has already pleaded guilty and is awaiting Sentencing, 18 U.S.C. § 3143 governs his request.

the defendant is not likely to flee or pose a danger if released. *United States v. Christman*, 712 F. Supp. 2d 651, 657 (E.D. Ky. 2010).

Here, Defendant has not overcome the presumption of dangerousness mandated by § 3143(a)(2). Defendant pleaded guilty to the Indictment. Because of Defendant's prior criminal history involving narcotics trafficking, Defendant faces a minimum term of ten years imprisonment. The Court must detain Defendant unless an exception applies. For the following reasons, Defendant cannot show any applicable exception.

As an initial matter, § 3143(a)(2)(i)–(ii) requires the Court to dismiss Defendant's Motion. Since he pleaded guilty, it is unlikely a motion for acquittal or motion for new trial is forthcoming. Moreover, the Government has not recommended that no sentence of imprisonment be imposed. Since Defendant cannot satisfy these necessary preconditions, Defendant's Motion fails.

More importantly, Defendant has not shown by clear and convincing evidence that he is not likely to flee or pose a danger to the community if he is released. Defendant states in conclusory fashion that he "poses no risk of flight or danger to the community." (Doc. 97, PageID: 634). Defendant believes there are conditions of release that will keep the public safe, like home confinement with electronic monitoring. However, Defendant participated in the present narcotics conspiracy that involved delivery of narcotics to residences via the postal system. Monitoring his use of the mail while at home presents a significant burden to Pretrial Supervision. Finally, Defendant ignores his lengthy criminal history involving drug trafficking, burglary, possession of firearms and drugs, gang involvement and failures to appear for court ordered events. Accordingly, Defendant is a danger to the community and a flight risk.

Rather than focusing on his danger to the community or likelihood of flight, Defendant asks the Court to order bond because the current COVID-19 pandemic "presents 'a change of circumstances' resulting in [Defendant's] detention no longer being appropriate." (*Id.* at PageID: 634). As mentioned above, the 'changed circumstances' review is improper due to Defendant's plea of guilty. Rather, the Court will interpret the COVID-19 argument as an "exceptional reason" for release. And while the Court agrees that COVID-19 is "exceptional" in the normal sense of the word, it does not justify releasing Defendant pending his Sentencing. Defendant does not allege he contracted COVID-19. Rather, he speculates he will contract the virus. But exceptional reasons based on probability, conjecture, intuition or speculation do not justify release. *Christman*, 712 F. Supp. 2d at 644. Instead, exceptional reasons must be "clearly shown" to render detention inappropriate. *Id.* Defendant's list of medical ailments does not reach this high burden. And as of now, detention facilities are taking precautions to limit the spread of COVID-19.[3] (Doc. 98, PageID: 648-50).

The Court recognizes Defendant's concerns due to COVID-19. But Defendant has not satisfied either prong of § 3143(a)(2)(i)–(ii); has not clearly convinced the Court that he no longer is a flight risk or danger to the community; and has failed to clearly show with certainty the current impact of COVID-19 on him personally. Therefore, Defendant's Motion fails.

---

[3] As of May 20, 2020, Northeast Ohio Correctional Center—the facility where Defendant is currently detained—has reported that no inmates have contracted COVID-19. (https://coronavirus.ohio.gov/static/reports/DRCCOVID-19Information.pdf) (last accessed May 21, 2020). While the institution is in lockdown, this appears to be a precautionary measure due to seven of the institution's contractors testing positive for the virus.

- 5 -

### III. CONCLUSION

Accordingly, Defendant's Motion (Doc. 97) is **DENIED**.

**IT IS SO ORDERED.**

                                    s/ Christopher A. Boyko
                                    **CHRISTOPHER A. BOYKO**
                                    **Senior United States District Judge**

**Dated: May 22, 2020**

Case: 1:19-cr-00646-CAB  Doc #: 102  Filed:  05/22/20  5 of 5.  PageID #: 695